Common Pleas Court of Hamilton County.

## IN RE ESTATE OF MARY TYLOR BURTON.

Decided April, 1929.

*John Weld Peck,* for the estate.

*Virgil H. Gibbs,* assistant attorney general, and *John P. Goldsberry,* assistant county prosecutor, for the Tax Commission.

HURLEY, J.

This case arises on appeal by the Tax Commission of Ohio from the decision of the Hamilton County Probate Court, that inheritance taxes are not due from the estate of Mary Tylor Burton upon gifts totaling $1,143,958.13, made to her children within less than a year before her death.

Before stating the facts, it might be well to trace the family history. Stephen R. Burton (died June 25, 1926) had two sons, Stephen H. and Robert M. Burton (died

Aug. 11, 1925) who married Mary Tylor Burton. There were three children born of this marriage, Murdock T. Burton (married, with three children), Emily T. Burton (single) and Clarence Von Wie Burton (died November, 1924) who married Emily Richardson Burton, one child being born of this marriage, Mary Tylor Burton II.

Robert M. Burton, having died before his father, Stephen R., by the will of the father one-half of his estate was left to his son, Stephen H., and one-half to his daughter-in-law, Mary T. Burton; she coming into actual possession of her share of the estate on July 6, 1927.

It appears from the evidence that she had already come into possession of nearly two and a half million dollars from her husband's estate; that she felt she had plenty of money of her own and had some antipathy towards receiving the estate of her father-in-law for herself, due to the fact that at the time of her marriage she and her husband had received no financial aid from Stephen R. Burton when they were in need of it, and the further fact she felt this was "Burton" money and should go to the Burtons. Accordingly on October 7, 1927, or thereabouts, she transferred all of the bequest she had received from her father-in-law to her children in three equal proportions; one-third to Murdock T., one-third to Emily T., the one-third to Clarence Von Wie, deceased, being divided into two shares, one-third of it going to his wife, Emily Richardson Burton and two-thirds of it going to his daughter, Mary Tylor Burton II, the daughter-in-law and grandchild respectively of Mary Tylor Burton. The last named fund was placed in the New York Trust Company under an irrevocable trust agreement until the grandchild reached the age of twenty-five, when the principal would become subject to her control; the other portions of the fund being placed with the same company under revocable trust agreements with the respective parties.

February 26, 1928, Mary Tylor Burton died, and the state, through the Tax Commission, is now seeking to collect inheritance taxes on these gifts under the following sections of the statutes:

Sec. 5332: A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person * * * in the following cases:

3. When the succession is to property from a resident * * * by gift made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property:

(a) In contemplation of the death of the * * * donor.

Sec. 5331. 5. "Contemplation of death" means that expectation of death which actuates the mind of a person on the execution of his will.

Sec. 5331-5 is here quoted as corrected by the Supreme Court of Ohio in the Parker case.

The question for determination thus presented is; was Mary Tylor Burton, at the time of making these gifts to her children in contemplation of death?

The evidence shows that she was a woman 61 years of age at her death; an active woman who was accustomed to run upstairs; she had no physician for years except an osteopath for an attack of neuritis; that she seemed to her associates and family to be a well, strong woman; that a year before her death she made an extended trip to Europe and was planning to make another trip to Morocco with her daughter in the immediate future; that she intended to build a children's convalescent home as a memorial for her husband and pay for the same out of her income, spreading the payments over the period of four or five years, but died before consummating this plan; that her death was sudden, occurring during the night from cerebral hemorrhage.

The court is of the opinion that the evidence, as thus briefly reviewed, shows clearly and convincingly that Mary Tylor Burton, when making these gifts, did not contemplate death as that term is commonly understood and defined. Ordinarily this conclusion would be sufficient to overcome the *prima facie* case made by the statute and warrant a finding against the Tax Commission.

Sec. 5332-2. Any transfer of property from a resident * * * if shown to have been made without a valuable

consideration substantially equivalent in money or money's worth to the full value of such property, if so made within two years prior to the death of the transferor, shall, unless shown to the controry, be deemed to have been made in contemplation of death within the meaning of this title.

In a case where gifts were involved similar to the case at bar, the Ashland County Common Pleas Court considered only the usual and ordinary acceptation of the term "contemplation of death" and disregarded the definition given by the legislature, which is peculiar to this state, not being found in other jurisdictions. *In re Estate of F. E. Meyers,* deceased, 26 Nisi Prius (N. S.), 57.

This decision was reversed in *Tax Commission* v. *Parker,* 117 O. S., 215, the Supreme Court holding that while evidence of physical condition was competent and entitled to be considered in connection with the other facts, the controlling fact in determining whether the gift is made in contemplation of death is whether the gift was in the nature of a distribution of property rather than the bestowal of a favor upon the donee.

In considering the definition of the term given by the legislature, the court says that it is the exception rather than the rule that men are actuated to make a will because of a sense of impending death; it is rather when additional obligations are cast upon them and the mind is actuated to make provision by way of distribution of property after death because of these obligations.

Syl. 4, Parker case: The controlling fact in determining whether a transferor made the transfer of property in contemplation of death is whether the purpose of the transferor was to distribute, or partially distribute his estate, or was simply to do an act of generosity or kindness.

The Supreme Court says that the significant fact about the gifts in the Parker case was that they were gifts in equal proportions to his children, sons-in-law and daughter-in-law, and that while such distribution was a gift in every sense, *yet it was not in the nature of an act of gen-*

*erosity,* relieving a need, conferring a favor, the expression of appreciation or of a preference. (Italics ours.) This dictum of the Supreme Court would seem to be binding in the case at bar.

Applying the other tests given to the instant case, it will be noted that these gifts were made in equal proportion, one-third to each child or the descendants thereof, and that with the exception of the one-ninth to the daughter-in-law, these amounts would have come to the children in like proportions by inheritance had Mary T. Burton made no provision, by will or otherwise, concerning the same. That it was a very wise, just and equitable distribution of the money left to her by her father-in-law, no one will gainsay, but it was nevertheless a "distribution" and not a "gift" under the decision in the Parker case.

A further significant fact is that she made a will on November 1, 1927, shortly following the distribution to the children, the terms of the will following the lines of the distribution previously made, with the exception of $100,000 left in trust to each of her other three grandchildren, the children of Murdock T.

Some question might be raised as to whether the one-ninth share of the daughter-in-law could be classified as a gift or as distribution of property. The Supreme Court held in the Parker case that gifts to daughters-in-law came within the classification of distribution of property and reversed the Court of Appeals for exempting such gifts from the tax.

During the trial of the instant case, some inference was attempted to be drawn that Mary Tylor Burton sought, by the giving away of this money, to evade the provisions of the inheritance tax. Aside from there being absolutely no evidence of such fact, the finding of the court that she had no immediate fear of impending death, as this term is commonly used, would render such an inference a logical absurdity. In addition, the court is convinced that Mary Tylor Burton was an honorable woman, conscious of her civic duties, and that the transfer of this property was impelled by the honorable motives of love and affec-

tion rather than the base motive of defrauding the state of a tax.

The court finds that as the result of the marriage of Robert M. Burton and Mary Tylor Burton there were born three children, Murdock T., Emily T. and Clarence Von Wie; that Clarence Von Wie died in November, 1924, leaving surviving his wife, Emily Richardson Burton and a child Mary Tylor Burton II; that the sum of $1,143,-958.13 was left to Mary Tylor Burton by the will of her father-in-law, Stephen R. Burton; that she came into possession of this sum July 6, 1927; that on or about October 7, 1927, she transferred this property to her two surviving children, daughter-in-law and grandchild in the following amounts:

Murdock T. Burton, $381,293.02.

Emily T. Burton, $381,377.50.

Emily R. Burton, $127,136.57.

Mary T. Burton, II, $254,241.04.

That there was no consideration in money or money's worth for such gifts; that on Nov. 1, 1927, Mary Tylor Burton made a will; and that she died Feb. 26, 1928, within two years of the making of the above-mentioned gifts.

The court holds as a matter of law that these gifts were made in contemplation of death as defined in the statute, and that they are therefore subject to the inheritance tax.

The exceptions of the Tax Commission of Ohio to the ruling of the Probate Court of Hamilton county are accordingly sustained, and the case is remanded to the Probate Court with instructions to compute and collect the amount of inheritance tax due upon such gifts. A decree may be drawn in accordance with these findings of fact and conclusion of law.